JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard on the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. Appellant Michael Williams appeals from a decision of the court of common pleas denying his motion to vacate or correct his sentence on the ground that the sentence was unconstitutional pursuant to the U.S. Supreme Court and Ohio Supreme Court decisions in Blakely v. Washington (2004), 542 U.S. 296 andState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Appellant entered pleas of guilty to three charges of rape and, in a judgment entry filed on December 5, 2001, was sentenced to concurrent terms of ten years' imprisonment as to each count. He did not file a direct appeal from his conviction or sentence. However, on June 19, 2006, he filed the instant motion to vacate or correct his sentence, asserting that the sentence was unconstitutional under Blakely andFoster. The court denied this motion in an entry filed July 25, 2006.
 {¶ 3} Appellant asserts that the sentences imposed upon him were void because they exceeded the statutory minimum terms based on a statute which the Ohio Supreme Court in Foster declared to be unconstitutional. Appellant did not have a direct appeal pending at the time thatFoster was decided. The court in Foster emphasized that to vacate the sentence and resentence the offender was an appropriate remedy only for those cases pending on direct review. Foster at 104 *Page 3 
and 106. In the context of collateral review, `[application of constitutional rules not in existence at the time a conviction [becomes] final seriously undermine[s] the principle of finality which is essential to the operation of our criminal justice system." Teague v.Lane (1989), 489 U.S. 288, 309.
 {¶ 4} Appellant's motion before the common pleas court must be construed as a petition for post-conviction relief pursuant to R.C. 2953.21. When a criminal defendant, after his convictions become final, files a motion to vacate or correct his sentence on the basis that his constitutional rights have been violated, the motion is a petition for post-conviction relief as defined in R.C. 2953.21. State v.Reynolds (1997), 79 Ohio St.3d 158.
 {¶ 5} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days after the expiration of the time for filing an appeal if no direct appeal was ever filed. Appellant's petitions were filed more than five years after the expiration of the time for appeal. Therefore, the court lacked jurisdiction to entertain the petition unless both of the following applied:[1]
 {¶ 6} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United *Page 4 
States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 7} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1).
 {¶ 8} Appellant cannot meet the first of these two conditions. Appellant's claim does not rely on any facts which he may have been unavoidably prevented from discovering. Furthermore, although appellant's claim is arguably[2] based on the United States Supreme Court's recognition of a new federal right, that right does not apply retroactively to post-conviction relief claims. Both Foster, atTf 104 and United States v. Booker (2005), 543 U.S. 220, 268, expressly held that they applied only to cases on direct review. They also do not meet the strict requirements of Teague v. *Page 5 Lane (1989), 489 U.S. 288, for retrospective application of a new constitutional rule to cases on collateral review.
 {¶ 9} Under Teague, 489 U.S. at 311, a new constitutional rule may apply retrospectively if it either (1) "places `certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe,'" or (2) is a watershed rule of criminal procedure which is implicit in the concept of ordered liberty and which affects the fundamental fairness and accuracy of the criminal proceeding. Because appellant's claim concerns the manner in which his sentence was determined, the first exception is clearly inapplicable. The second exception applies only narrowly to procedures "central to an accurate determination of innocence or guilt." Teague, 489 U.S. at 313. Certainly, the factual basis for sentencing is not central to a determination of guilt or innocence. Therefore, Blakely and Fosterdo not apply retrospectively to cases on collateral review.
 {¶ 10} Appellant's petition for post-conviction relief was not timely filed and appellant did not meet any of the exceptions set forth in R.C. 2953.23. Therefore, the common pleas court properly denied the petition. See, e.g., State v. Williams, Franklin App. No. 06AP-842,2007-Ohio-1015.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR
[1] The other statutory exception, for cases in which DNA evidence establishes actual innocence, is inapplicable to this case. R.C. 2953.23(A)(2).
[2] We say "arguably" because the Supreme Court's decision inBlakely was an extension of its holding in Apprendi v. New Jersey
(2000), 530 U.S. 466, so it is questionable that Blakely establishes a "new" right. On the other hand, at least one federal court has noted that Blakely did establish a "new understanding of `statutory maximum'" as "the maximum [a judge] may impose without any additional findings," and therefore did create a new rule not dictated or compelled byApprendi. United States v. Robledo (S.D. Tex. 2005), 2005 U.S. Dist. LEXIS 43161, adopted by 2006 U.S. Dist. LEXIS 58197. *Page 1