OPINION
{¶ 1} Defendant-appellant, Demitris Searcy, appeals from a judgment of the Franklin County Court of Common Pleas denying his R.C. 2953.23
petition for post-conviction relief. Because the trial court properly concluded appellant's petition is untimely, we affirm.
 {¶ 2} Appellant pled guilty to one count of robbery with a firearm specification in September 2003. Appellant was sentenced to five years incarceration for the robbery conviction and three years for the firearm specification. Appellant did not appeal his conviction and sentence. In April 2006, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.23. Appellant argued that he was entitled to a new sentence under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348. The trial court denied the petition as untimely.
 {¶ 3} Appellant appeals, assigning the following error:
 The trial court erred when it sentenced defendant unconstitutionally and denied him relief under Ohio Revised Code 2953.23.
 {¶ 4} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Post-conviction relief is not a constitutional right, but rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999), 86 Ohio St.3d 279,281. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler,
Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32.
 {¶ 5} R.C. 2953.21(A)(2) establishes the time limitations for filing a petition for post-conviction relief stating, in relevant part, that except as provided in R.C. 2953.23, if no appeal is taken, the petition must be filed "no later than 180 days after the expiration of the time for filing the appeal." Appellant filed his petition more than 180 days after the expiration of the time for filing his appeal. Therefore, appellant's petition is time-barred unless appellant's petition meets the requirements contained in R.C. 2953.23(A).
 {¶ 6} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless, as relevant here, appellant demonstrates that: (1) subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) but for the constitutional error at the sentencing hearing, no reasonable factfinder would have found appellant eligible for the death sentence. In an attempt to invoke these provisions, appellant argues thatFoster, which is premised on the United States Supreme Court opinions inBlakely and Apprendi, creates a new federal or state right that applies retroactively to him. We disagree.
 {¶ 7} This court has concluded that Blakely, which is premised onApprendi, does not recognize a new federal or state right that applies retroactively. State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998, at ¶ 36-37; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, at ¶ 11. Because Blakely does not recognize a new federal or state right that applies retroactively, Foster, which is premised on Blakely, similarly does not. State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15. Accordingly, appellant's petition is untimely, and the trial court properly determined it lacked jurisdiction to consider it. State v. Bivens, Franklin App. No. 05AP-1270, 2006-Ohio-4340, at ¶ 6 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction relief petition unless the petitioner complies with R.C. 2953.23[A][1]).
 {¶ 8} Even if appellant could show that the United States Supreme Court has retroactively recognized a new federal or state right, R.C. 2953.23(A)(1), by its express terms, precludes a common pleas court from entertaining an untimely post-conviction challenge to a sentence brought by a non-capital petitioner. State v. Connors, Hamilton App. No. C-040677, 2005-Ohio-2644, at ¶ 4. Appellant is a non-capital petitioner. Therefore, R.C. 2953.23(A)(1)(b) does not provide a vehicle to challenge his sentence when his petition is untimely.
 {¶ 9} Because the trial court properly denied appellant's petition for post-conviction relief, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed. FRENCH and McGRATH, JJ., concur.