OPINION
{¶ 1} Defendant-appellant, Denny E. Davis, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's R.C. 2953.21 petition for post-conviction relief.
 {¶ 2} On November 12, 1999, appellant pled guilty to two counts of rape, first-degree felonies, in violation of R.C. 2907.02, and one count of gross sexual imposition, a third-degree felony, in violation of R.C.2907.05. Plaintiff-appellee, the State of Ohio, *Page 2 
and appellant jointly recommended to the trial court a 15-year prison sentence. The trial court imposed the recommended sentence by ordering appellant to serve: (1) nine years imprisonment on one rape count consecutive to six years imprisonment on the other rape count; and (2) a concurrent four-year prison term on the gross sexual imposition count. On each of the above counts, the trial court imposed more than the minimum authorized prison sentences, but the trial court did not impose the maximum authorized prison sentences. R.C. 2929.14(A). The trial court initially journalized the judgment entry of conviction and sentence on November 15, 1999. However, on September 19, 2000, the trial court journalized a corrected judgment entry to reflect that prison terms were mandatory. Appellant did not appeal his conviction and sentence.
 {¶ 3} On April 6, 2006, appellant filed in the trial court a petition for post-conviction relief. Without a hearing, the trial court denied appellant's post-conviction relief petition on April 27, 2006, upon concluding that appellant "was sentenced consistent with a joint recommendation that he serve 15 years, and when the Court follows such a joint recommendation no error can be assigned by either party."
 {¶ 4} Appellant filed a notice of appeal from the above decision, raising one assignment of error:
 The Trial Court [erred] by ruling that Appellant's sentence is according to law and thereby denying his post-conviction.
 {¶ 5} In his single assignment of error, appellant argues that the trial court erred by denying his post-conviction relief petition. We disagree.
 {¶ 6} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410; State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, at ¶ 4. "It is a *Page 3 
means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233; Searcy at ¶ 4. Post-conviction relief is not a constitutional right, but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v.Calhoun (1999), 86 Ohio St.3d 279, 281; Searcy at ¶ 4.
 {¶ 7} Under R.C. 2953.21(A)(2), if, as here, no appeal is taken, a petitioner must file for post-conviction relief no later than 180 days after the expiration of the time for filing the appeal. Under App.R. 4(A), a party appealing a criminal matter shall file an appeal within 30 days of the pertinent judgment entry.
 {¶ 8} Here, the trial court issued an original judgment entry of conviction and sentence on November 15, 1999, and a corrected entry of conviction and sentence on September 19, 2000. "When an initial entry is a final determination of the rights of the parties, a subsequentnunc pro tune entry clarifying the initial entry relates back to the time of the filing of the initial entry, and does not extend the time for appeal." Northwood Local Edn. Assn. v. State Emp. Relations Bd.
(Feb. 9, 1990), Wood App. No. WD-89-24; ABN AMRO Mtge. Group, Inc. v.Roush, Franklin App. No. 04AP-457, 2005-Ohio-1763, at ¶ 43. Regardless, applying the R.C. 2953.21(A)(2) time limit, we note that appellant filed his post-conviction relief petition on April 6, 2006, which, considering either the original or corrected judgment entries, was more than 180 days after the expiration of time for appellant to file his appeal. As such, appellant filed an untimely post-conviction relief petition. See R.C. 2953.21(A)(2). *Page 4 
 {¶ 9} However, the trial court had authority to entertain appellant's untimely petition if the petition satisfied exceptions denoted in R.C.2953.23(A). See, also, Searcy at ¶ 7 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction petition unless the petitioner complies with exceptions in R.C. 2953.23). In particular, pursuant to R.C. 2953.23(A), in pertinent part, appellant was required to establish that the United States Supreme Court recognized a new federal or state right that applied retroactively to him and that his petition asserted a claim under that retroactive right.
 {¶ 10} Here, in his post-conviction relief petition, appellant noted that, after the trial court imposed consecutive sentences for his convictions, the Ohio Supreme Court severed from Ohio's felony sentencing laws those statutes that governed the imposition of consecutive sentences. See State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 99. In particular, the Ohio Supreme Court severed inFoster: (1) R.C. 2929.14(E)(4), which required the trial court to make particular findings before imposing consecutive sentences; and (2) R.C.2929.41(A), which denoted a presumption for concurrent sentences except as provided, in pertinent part, under R.C. 2929.14(E)(4). SeeFoster at ¶ 99. The Ohio Supreme Court severed such statutes inFoster upon applying to Ohio's felony sentencing laws Blakely v.Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466. See Foster at ¶ 65-67, and paragraph three of the syllabus.
 {¶ 11} In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a *Page 5 
reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by the defendant." (Emphasis sic.) Blakely at 303.
 {¶ 12} In Foster, the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statutes, such as R.C. 2929.14(E)(4) and2929.41(A), violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely and Apprendi.Foster at ¶ 50-83, and paragraph three of the syllabus. Specifically, the court stated that, under certain circumstances, the felony sentencing statutes, such as R.C. 2929.14(E)(4) and 2929.41(A), unconstitutionally require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." Id. at ¶ 54. Thus, in his post-conviction relief petition, appellant argued that Foster, which appliedBlakely and Apprendi, rendered void his consecutive sentences becauseFoster severed the statutes that governed the imposition of consecutive sentences.
 {¶ 13} In light of the above, we interpret appellant to have argued in his post-conviction petition that Foster, Blakely, and Apprendi created a new federal or state right that applied retroactively to him. However, we have concluded that Blakely, which is premised on Apprendi, does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims. State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 36-37; State v. Cruse, Franklin App. No. 05AP-125, *Page 6 
2005-Ohio-5095, at ¶ 11; Searcy at ¶ 7. Likewise, we have concluded that, because Blakely does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims,Foster, which is premised on Blakely, similarly does not apply retroactively to R.C. 2953.21 post-conviction claims. Searcy at ¶ 7. Therefore, appellant failed to establish that the United States Supreme Court recognized a new federal or state right that applies retroactively to him, a condition that appellant was required to meet under R.C.2953.23(A)(1) to allow the trial court to entertain his untimely post-conviction petition.
 {¶ 14} In so concluding, we recognize that, in his appellate brief, appellant alternatively argues that he was entitled to minimum and concurrent sentences, pursuant to Blakely and Apprendi, because neither a jury found, nor did appellant admit to, the findings in R.C.2929.14(B) and 2929.14(E)(4) of Ohio's felony sentencing statutes, which, before the Foster severance, respectively governed the imposition of appellant's non-minimum and consecutive sentences. However, we need not address such a legal argument because appellant did not raise it in his post-conviction petition, but raised it for the first time on appeal. See City of Hamilton v. Johnson (Dec. 3, 1999), Butler App. No. CA99-02-025. Nevertheless, we reject appellant's contentions becauseBlakely and Apprendi do not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims.Myers at ¶ 36-37; Cruse at ¶ 11; Searcy at ¶ 7.
 {¶ 15} We further note that, before a trial court may properly entertain an untimely post-conviction petition, R.C. 2953.23(A) additionally requires a petitioner to demonstrate that: (1) but for constitutional error at trial, no reasonable fact finder would *Page 7 
have found the petitioner guilty of the offense of which the petitioner was convicted; or (2) but for constitutional error at sentencing, no reasonable fact finder would have found the petitioner eligible for a death sentence. See State v. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463; Searcy at ¶ 8. Because R.C. 2953.23(A) does not mention post-conviction petitions challenging non-capital sentences, we have interpreted R.C. 2953.23(A) as providing no basis for a trial court to entertain an untimely post-conviction challenge to a sentence brought by a non-capital petitioner. Searcy at ¶ 8.
 {¶ 16} Accordingly, based on the above, we conclude that appellant's post-conviction relief petition did not meet the pertinent exceptions in R.C. 2953.23(A), which would have allowed the trial court to entertain the untimely petition. In so concluding, we recognize that, while we have applied here a different reasoning than the trial court upon disposing of appellant's post-conviction relief petition, the trial court nonetheless correctly denied the petition and, therefore, we need not disturb the trial court's decision. See State ex rel. McGrath v.Ohio Adult Parole Auth., 100 Ohio St.3d 72, 2003-Ohio-5062, at ¶ 8. Because the trial court properly denied appellant's post-conviction relief petition, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and KLATT, JJ., concur. *Page 1