OPINION
{¶ 1} Defendant-appellant, Dennis M. Williams, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's petitions for post-conviction relief.
 {¶ 2} On November 15, 2001, the Franklin County Grand Jury indicted appellant on: (1) two counts of aggravated murder, unspecified felonies, in violation of R.C. 2903.01, with death penalty specifications; (2) two counts of attempted murder, first-degree *Page 2 
felonies, in violation of R.C. 2923.02 as it relates to R.C. 2903.02; (3) two counts of felonious assault, second-degree felonies, in violation of R.C. 2903.11; (4) two counts of aggravated burglary, first-degree felonies, in violation of R.C. 2911.11; (5) three counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01; and (6) one count of having a weapon while under disability, a fifth-degree felony, in violation of R.C. 2923.13. The above charges, except the weapon possession, each included two separate firearm specifications.
 {¶ 3} Appellant tried all charges to the jury except for the having a weapon while under disability, which was tried before the court. The jury found appellant guilty of all charges before it. The jury also found appellant guilty of all death penalty and firearm specifications, except for one firearm specification in the attempted murder count and one firearm specification in the felonious assault count. The trial court found appellant guilty of having a weapon while under disability.
 {¶ 4} Although appellant was convicted of the death penalty specifications, the jury was unable to decide whether or not appellant should be given the death penalty. Thereafter, on November 19, 2002, the trial court held a sentencing hearing and merged the aggravated murder convictions and imposed an indefinite sentence of 30-years-to-life imprisonment on the merged aggravated murder conviction. Next, the trial court separately merged each of the two felonious assault convictions into the two attempted murder convictions, and the trial court sentenced appellant to ten years imprisonment on each of the remaining two attempted murder convictions. The trial court then imposed separate sentences of ten years imprisonment on each of the two aggravated burglary convictions, ten years imprisonment on each of the three *Page 3 
aggravated robbery convictions, and 11 months imprisonment on the having a weapon while under disability conviction. Thus, the trial court imposed the maximum authorized sentence on each of the remaining first-degree felony convictions, and the trial court imposed more than the minimum, but less than the maximum, authorized prison sentence on the fifth-degree felony having a weapon while under disability conviction. See R.C. 2929.14(A).
 {¶ 5} The trial court then merged the firearm specifications on each of the aggravated burglary, aggravated robbery, attempted murder, and felonious assault convictions, and the trial court imposed a three-year prison sentence on such merged firearm specifications. The trial court separately merged the firearm specifications on the two aggravated murder convictions with the other aggravated burglary, aggravated robbery, attempted murder, and felonious assault convictions, and the trial court imposed a three-year prison sentence on such merged firearm specifications.
 {¶ 6} The trial court ordered appellant to serve concurrently the firearm specification sentences, which resulted in a three-year prison sentence to be served consecutively with the other sentences. See R.C.2929.14(E)(1)(a) (requiring that sentences for firearm specifications be served consecutively to any other convictions imposed on the defendant). The trial court then ordered appellant to serve: (1) the having a weapon under disability sentence concurrent with the other sentences; (2) one of the aggravated robbery and aggravated burglary sentences concurrent with each other but consecutive to one of the attempted murder sentences; (3) the other aggravated burglary and aggravated robbery sentences concurrent with each other but consecutive to the other attempted murder sentence; and (4) the sentences on each *Page 4 
attempted murder and aggravated burglary charges consecutive to the merged aggravated murder charge. The trial court noted that the "total sentence" for appellant was "Seventy (70) years to life [imprisonment] with an additional Three (3) years actual incarceration for the firearm."
 {¶ 7} Thereafter, appellant appealed his convictions and sentences. During the appeal, on March 27, 2003, appellant filed with this court the transcripts of the above-noted trial court proceedings. Ultimately, we affirmed appellant's convictions and sentences in State v.Williams, Franklin App. No. No. 03AP-4, 2003-Ohio-7160.
 {¶ 8} On April 12, 2005, appellant filed a "Motion for Modification The Correction of Sentence," and, on May 15, 2006, appellant filed a "Motion to Run Sentence Concurrent." On July 6, 2006, the trial court rendered a decision on appellant's motions. In doing so, the trial court treated appellant's motions as petitions for post-conviction relief, pursuant to R.C. 2953.21, because appellant challenged the constitutionality of his sentence. The trial court then denied the motions as untimely. The trial court also denied the petitions, pursuant to res judicata, because appellant did not raise the sentencing issues on direct appeal.
 {¶ 9} Appellant appeals, raising two assignments of error:
 [1] THE TRIAL COURT ERRED WHEN IMPOSING THE MAXIMUM NON-MINIMUM SENTENCES WHEN MAKING FINDINGS OF FACTS THAT WERE NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT[,] IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT.
 [2] THE TRIAL COURT ERRED WHEN DECLINING JURISDICTION OF THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF[,] AND ERRED BY BARRING THE PETITION BY THE DOCTRINE OF RES JUDICATA. STATE v. PERRY. *Page 5 
 {¶ 10} We will address appellant's two assignments of error together. In his two assignments of error, appellant argues that the trial court erred by denying his post-conviction relief petitions because the trial court erroneously sentenced appellant for his convictions. Appellant also argues that the trial court erred by denying his post-conviction relief petitions without a hearing. We disagree.
 {¶ 11} It is undisputed here that the trial court properly construed as R.C. 2953.21 petitions for post-conviction relief appellant's motion for modification and correction of sentence and motion to run sentence concurrent. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v. Steffen
(1994), 70 Ohio St.3d 399, 410; State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, at ¶ 4. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record.State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233;Searcy at ¶ 4. Post-conviction relief is not a constitutional right, but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281; Searcy at ¶ 4.
 {¶ 12} Appellant filed a direct appeal of his above-noted convictions and sentences, and, under R.C. 2953.21(A)(2), a petitioner must file for post-conviction relief no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. Here, on March 27, 2003, appellant filed in the court of appeals the trial transcripts of his direct appeal of his judgment of convictions and sentences. Appellant filed his post-conviction petitions on *Page 6 
April 12, 2005, and May 15, 2006, both beyond the 180 days after the date on which the trial transcript was filed in the court of appeals in appellant's direct appeal of his convictions and sentences. As such, appellant filed untimely post-conviction relief petitions. See R.C.2953.21(A)(2).
 {¶ 13} A trial court may not entertain an untimely post-conviction relief petition unless the petitioner satisfies exceptions denoted in R.C. 2953.23(A). See, also, Searcy at ¶ 7 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction petition unless the petitioner complies with exceptions in R.C. 2953.23). In particular, pursuant to R.C. 2953.23(A), in pertinent part, appellant was required to establish that the United States Supreme Court recognized a new federal or state right that applied retroactively to him and that his petition asserted a claim under that retroactive right.
 {¶ 14} Here, in his post-conviction relief petition, appellant noted that, after the trial court imposed consecutive sentences for his convictions, the Ohio Supreme Court severed from Ohio's felony sentencing laws those statutes that governed the imposition of consecutive sentences. See State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 99. In particular, the Ohio Supreme Court severed inFoster: (1) R.C. 2929.14(E)(4), which required the trial court to make particular findings before imposing consecutive sentences; and (2) R.C.2929.41(A), which denoted a presumption for concurrent sentences except as provided, in pertinent part, under R.C. 2929.14(E)(4). SeeFoster at ¶ 99. The Ohio Supreme Court severed such statutes inFoster upon applying to Ohio's felony sentencing laws Blakely v.Washington (2004), 542 U.S. 296, and *Page 7 Apprendi v. New Jersey (2000), 530 U.S. 466. See Foster at ¶ 65-67, and paragraph three of the syllabus.
 {¶ 15} In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution andFourteenth Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." (Emphasis sic.) Blakely at 303.
 {¶ 16} In Foster, the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statutes, such as R.C. 2929.14(E)(4) and2929.41(A), violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely and Apprendi.Foster at ¶ 50-83, and paragraph three of the syllabus. Specifically, the court stated that, under certain circumstances, the felony sentencing statutes, such as R.C. 2929.14(E)(4) and 2929.41(A), unconstitutionally require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." Id. at ¶ 54. Thus, in his post-conviction relief petition, appellant argued that Foster, which appliedBlakely and Apprendi, rendered void his non-minimum, maximum and consecutive sentences because neither a jury found, nor did appellant admit to, the findings in R.C. 2929.14(B), 2929.14(C), and 2929.14(E)(4) of Ohio's felony sentencing statutes, which, before the Foster
severance, *Page 8 
respectively governed the imposition of appellant's non-minimum, maximum and consecutive sentences.
 {¶ 17} In light of the above, we interpret appellant to have argued in his post-conviction petitions that Foster, Blakely, andApprendi created a new federal or state right that applied retroactively to him. However, we have concluded that Blakely, which is premised onApprendi, does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims. State v.Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 36-37; State v.Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, at ¶ 11;Searcy at ¶ 7. Likewise, we have concluded that, becauseBlakely does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims, Foster, which is premised on Blakely, similarly does not apply retroactively to R.C.2953.21 post-conviction claims. Searcy at ¶ 7. Therefore, appellant failed to establish that the United States Supreme Court recognized a new federal or state right that applies retroactively to him, a condition that appellant was required to meet under R.C. 2953.23(A)(1) to allow the trial court to entertain his untimely post-conviction petitions.
 {¶ 18} We further note that, before a trial court may properly entertain an untimely post-conviction petition, R.C. 2953.23(A) additionally requires a petitioner to demonstrate that: (1) but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted; or (2) but for constitutional error at sentencing, no reasonable fact finder would have found the petitioner eligible for a death sentence. See State v. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463; Searcy at ¶ 8. Because R.C. 2953.23(A) does not *Page 9 
mention post-conviction petitions challenging non-capital sentences, we have interpreted R.C. 2953.23(A) as providing no basis for a trial court to entertain an untimely post-conviction challenge to a sentence brought by a non-capital petitioner. Searcy at ¶ 8.
 {¶ 19} Accordingly, based on the above, we conclude that appellant's post-conviction relief petition did not meet the pertinent exceptions in R.C. 2953.23(A), which would have allowed the trial court to entertain the untimely petitions. "If a petition for post-conviction relief is untimely filed and the petitioner does not meet the conditions set forth in R.C. 2953.23(A), the petition is subject to dismissal without a hearing." State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900.
 {¶ 20} Lastly, we note that appellant filed successive post-conviction relief petitions, one on April 12, 2005, and one on May 15, 2006, seeking similar relief from his alleged unconstitutional sentences. SeeState v. Bound, Guernsey App. No. 04 CA 8, 2004-Ohio-7097, at ¶ 18
(treating as a successive post-conviction relief petition a supplemental memorandum that a defendant filed contemporaneously with a petition for post-conviction relief). R.C. 2953.23 indicates that, unless a petitioner satisfies the exceptions noted therein, a trial court may not entertain a second petition for post-conviction relief when the petitioner seeks similar relief in the second petition as in the original petition. Thus, in addition to our above analysis, we further conclude that, pursuant to R.C. 2953.23, the trial court had no jurisdiction to entertain appellant's second May 16, 2006 petition, given that appellant failed to satisfy the above-noted R.C. 2953.23
exceptions. *Page 10 
 {¶ 21} Therefore, we conclude that the trial court had no jurisdiction to entertain the merits of appellant's post-conviction relief petitions, and we conclude that the trial court properly denied, without a hearing, appellant's post-conviction relief petitions. Given such conclusions, we render moot appellant's alternative claim that the trial court also erroneously denied appellant's post-conviction relief petitions under the doctrine of res judicata. App.R. 12(A)(1)(c). As such, based on the above, we overrule appellant's first and second assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1