OPINION
{¶ 1} Defendant-appellant, Darnell O. Reynolds, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's "Motion for Resentencing Hearing and/or Modification of Sentence and/or Correct the Record."
 {¶ 2} On December 12, 2003, the Franklin County Grand Jury indicted appellant on one count of kidnapping, abduction, aggravated menacing, and assault. On *Page 2 
September 21, 2004, appellant pled guilty to one count of kidnapping. On November 22, 2004, the trial court held a sentencing hearing and sentenced appellant to six years imprisonment. The trial court journalized appellant's conviction and sentence on November 22, 2004. Appellant did not file a direct appeal of his conviction and sentence.
 {¶ 3} On June 28, 2006, appellant filed a "Motion for Resentencing Hearing and/or Modification of Sentence and/or Correct the Record." Appellant argued that the trial court sentenced him in violation of the Ohio Supreme Court's August 27, 2003 decision in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. Appellant stated in his motion thatComer required that "all first time offenders must be sentenced to the minimum sentence unless the statute findings [exist], which a review of my sentencing will show this court that the sentence is contrary to law and the Comer decision, which this court * * * is mandated to treat first time offenders under the Equal Protection of the laws[.]"
 {¶ 4} The trial court construed appellant's motion as an untimely post-conviction relief petition, and the trial court concluded that it lacked jurisdiction to entertain the untimely petition. Thus, the trial court denied appellant's motion.
 {¶ 5} Appellant appeals, raising one assignment of error:
 TRIAL COURT IMPROPERLY DENIED RELIEF SOUGHT. *Page 3 {¶ 6} Initially, we note that appellant filed a "Motion for Resentencing Hearing and/or Modification of Sentence and/or Correct the Record" and that, because no statutory or procedural rule authorizes such a motion, we must determine the nature of motion and review it accordingly. State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10; State v. Hall, Franklin App. No. 05AP-957,2006-Ohio-2742, at ¶ 5. Here, we conclude that appellant's motion meets the definition of a petition for post-conviction relief because appellant: (1) filed the motion subsequent to the expiration of the time he could file a direct appeal; (2) claimed a denial of his constitutional rights, i.e., under the equal protection clause; and (3) sought to vacate his sentence. See State v. Reynolds (1997),79 Ohio St.3d 158, 160; Hall at ¶ 8.
 {¶ 7} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410; State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, at ¶ 4. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233; Searcy at ¶ 4. Post-conviction relief is not a constitutional right, but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281; Searcy at ¶ 4.
 {¶ 8} Appellant filed no direct appeal of his conviction and sentence, and R.C. 2953.21(A)(2) states that, if no direct appeal is taken, a defendant must file a post-conviction relief petition no later than 180 days after the expiration of the time for filing the direct appeal. Under App. R. 4, a party shall file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed[.]" Here, the trial court entered judgment in appellant's case on November 22, 2004 and, under App. R. 4, appellant needed to file a timely appeal by December 22, 2004. Appellant filed his post-conviction relief petition on June 28, 2006, beyond the 180 days after the expiration of *Page 4 
the time for filing his direct appeal. Thus, appellant's post-conviction relief petition is untimely.
 {¶ 9} A trial court may not entertain an untimely post-conviction relief petition unless the petitioner satisfies exceptions denoted in R.C. 2953.23(A). See, also, Searcy at ¶ 7 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction relief petition unless the petitioner complies with exceptions in R.C. 2953.23). Specifically, pursuant to R.C. 2953.23(A), in pertinent part, appellant was required to establish that the United States Supreme Court recognized a new federal or state right that applied retroactively to him and that he asserted a claim under that retroactive right.
 {¶ 10} As noted above, appellant based his post-conviction relief petition on Comer. However, any retroactive effect from Comer is inapplicable to appellant, given that the Ohio Supreme Court issuedComer before appellant was indicted and ultimately convicted.
 {¶ 11} In so concluding, we note that, in his appellate brief, appellant also alludes to his sentences being contrary to law underState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 83, which found unconstitutional portions of Ohio's felony sentencing laws. However, we need not address such a legal argument because appellant did not raise it in his post-conviction relief petition, but raised it for the first time on appeal. See State v. Davis, Franklin App. No. 06AP-505,2007-Ohio-944, at ¶ 14. Nevertheless, we reject appellant's contentions because Foster does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims.Davis at ¶ 13. *Page 5 
 {¶ 12} We further note that, before a trial court may properly entertain an untimely post-conviction relief petition, R.C. 2953.23(A) additionally requires a petitioner to demonstrate that: (1) but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted; or (2) but for constitutional error at sentencing, no reasonable fact finder would have found the petitioner eligible for a death sentence. See State v. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463; Davis at ¶ 15; Searcy at ¶ 8. Because R.C. 2953.23(A) does not mention a post-conviction relief petition challenging noncapital sentences, we have interpreted R.C. 2953.23(A) as providing no basis for a trial court to entertain an untimely post-conviction challenge to a sentence brought by a noncapital petitioner, like appellant. Searcy at ¶ 8; Davis at ¶ 15.
 {¶ 13} Accordingly, based on the above, we conclude that appellant's post-conviction relief petition did not meet the pertinent exceptions in R.C. 2953.23(A), which would have allowed the trial court to entertain the untimely petition. Therefore, we conclude that the trial court had no jurisdiction to entertain the merits of appellant's post-conviction relief petition, and we conclude that the trial court properly denied the petition. Accordingly, we overrule appellant's single assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1