OPINION
{¶ 1} Defendant-appellant, Raashawn J. Reynolds, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's post-conviction relief petition.
 {¶ 2} On June 14, 2001, the Franklin County Grand Jury indicted appellant on: one count of aggravated burglary, a first-degree felony, in violation of R.C. 2911.11; two counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01; four *Page 2 
counts of robbery, two as second-degree felonies, and two as third-degree felonies, in violation of R.C. 2911.02; and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24. Each of the above counts, except for the possessing criminal tools count, contained two firearm specifications.
 {¶ 3} A jury found appellant guilty of all charges and firearm specifications. On September 11, 2001, the trial court held a sentencing hearing. At the sentencing hearing, the trial court merged the firearm specifications and imposed a three-year term, which was to be served consecutively with the other sentences. See R.C. 2929.14(E)(1)(a) (requiring that sentences for firearm specifications be served consecutively to any other sentences imposed on a defendant). The trial court also merged two robbery counts into one aggravated robbery count, and the trial court merged the other two robbery counts into the other aggravated robbery count. The trial court then imposed five years imprisonment on the one aggravated burglary conviction and two aggravated robbery convictions. Such sentences exceed the minimum authorized prison sentences, but do not constitute the maximum authorized prison sentences. See R.C. 2929.14(A). The trial court imposed 12 months imprisonment on the possessing criminal tools conviction, which constitutes the maximum authorized prison sentence. Id. The trial court ordered appellant to serve consecutively the sentences on the aggravated robbery convictions, and the trial court ordered appellant to serve the aggravated burglary and possessing criminal tools convictions concurrent with each other and with the sentences noted above. The trial court journalized its judgment of convictions and sentences on September 18, 2001. *Page 3 
 {¶ 4} Thereafter, appellant appealed his convictions, but not his sentences. During the appeal, on November 26, 2001, and January 15, 2002, appellant filed with this court the transcripts of the above-noted trial court proceedings. Ultimately, we affirmed appellant's convictions in State v. Reynolds, Franklin App. No. 01AP-1176, 2002-Ohio-3337.
 {¶ 5} On June 8, 2006, appellant filed a petition for post-conviction relief, challenging the trial court's authority to impose consecutive and non-minimum sentences in light of the Ohio Supreme Court's February 2006 decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 83, which found unconstitutional portions of Ohio's felony sentencing laws that governed, in part, a trial court's imposing non-minimum and consecutive sentences. Plaintiff-appellee, the State of Ohio, asserted, in part, that the trial court should deny appellant's petition because it is untimely. On August 31, 2006, the trial court denied appellant's petition for "lack of jurisdiction."
 {¶ 6} Appellant appeals the trial court's August 31, 2006 decision, raising one assignment of error:
 The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
 {¶ 7} Appellant expresses in his single assignment of error that the trial court lacked authority to impose consecutive sentences on his convictions. In his appellate brief, appellant also contends that the trial court lacked authority to impose non-minimum sentences. Such arguments stem from appellant's post-conviction petition. In *Page 4 
response, appellee contends that the trial court lacked jurisdiction to entertain appellant's post-conviction petition.
 {¶ 8} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410; State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, at ¶ 4. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233; Searcy at ¶ 4. Post-conviction relief is not a constitutional right, but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281; Searcy at ¶ 4.
 {¶ 9} Appellant filed a direct appeal of his above-noted convictions, and, under R.C. 2953.21(A)(2), a petitioner must file for post-conviction relief no later than 180 days after the trial transcript is filed in the court of appeals during the direct appeal of a conviction. Here, on November 26, 2001, and January 15, 2002, appellant filed in the court of appeals the trial transcripts during his direct appeal of his convictions. Appellant filed his post-conviction petition on June 8, 2006, beyond 180 days after both dates on which appellant filed such transcripts. Thus, appellant's post-conviction petition is untimely. See R.C. 2953.21(A)(2).
 {¶ 10} A trial court may not entertain an untimely post-conviction relief petition unless the petitioner satisfies exceptions denoted in R.C. 2953.23(A). See, also, Searcy at ¶ 7 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction petition *Page 5 
unless the petitioner complies with exceptions in R.C. 2953.23). In particular, pursuant to R.C. 2953.23(A), in pertinent part, appellant was required to establish that the United States Supreme Court recognized a new federal or state right that applied retroactively to him and that his petition asserted a claim under that retroactive right.
 {¶ 11} Here, in his post-conviction relief petition, appellant noted that, after the trial court pronounced its sentences, the Ohio Supreme Court severed from Ohio's felony sentencing laws those statutes that governed the imposition of consecutive sentences. See Foster at ¶ 99. In particular, the Ohio Supreme Court severed in Foster: (1) R.C. 2929.14(E)(4), which required the trial court to make particular findings before imposing consecutive sentences; and (2) R.C. 2929.41(A), which denoted a presumption for concurrent sentences except as provided, in pertinent part, under R.C. 2929.14(E)(4). See Foster at ¶ 99. The Ohio Supreme Court severed such statutes in Foster upon applying to Ohio's felony sentencing laws Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. SeeFoster at ¶ 65-67, and paragraph one and three of the syllabus.
 {¶ 12} In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution andFourteenth Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the *Page 6 
maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant." (Emphasis sic.) Blakely at 303.
 {¶ 13} In Foster, the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statutes, such as R.C. 2929.14(B), 2929.14(C), and 2929.14(E)(4), violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely and Apprendi.Foster at ¶ 50-83, and paragraphs one and three of the syllabus. Specifically, the court stated that, under certain circumstances, the felony sentencing statutes, such as the above mentioned, unconstitutionally require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." Id. at ¶ 54. Thus, in his post-conviction relief petition, appellant argued that Foster, Blakely, andApprendi rendered void his consecutive sentences because Foster severed the statutes that governed the imposition of consecutive sentences.
 {¶ 14} In light of the above, we interpret appellant to have argued in his post-conviction petition that Foster, Blakely, and Apprendi created a new federal or state right that applied retroactively to him. However, we have concluded that Blakely, which is premised on Apprendi, does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims. State v. Davis, Franklin App. No. 06AP-505, 2007-Ohio-944, at ¶ 13; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, at ¶ 11; Searcy at ¶ 7. Likewise, we have concluded that, because Blakely does not recognize a new federal or state right that applies retroactively to R.C. 2953.21 post-conviction claims, Foster, which is premised on Blakely, similarly does not apply retroactively to R.C. 2953.21 post-conviction claims. Searcy at ¶ 7. Therefore, appellant *Page 7 
failed to establish that the United States Supreme Court recognized a new federal or state right that applies retroactively to him, a condition that appellant was required to meet under R.C. 2953.23(A)(1) to allow the trial court to entertain his untimely post-conviction petition.
 {¶ 15} We further note that, before a trial court may properly entertain an untimely post-conviction petition, R.C. 2953.23(A) additionally requires a petitioner to demonstrate that: (1) but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted; or (2) but for constitutional error at sentencing, no reasonable fact finder would have found the petitioner eligible for a death sentence. See State v. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463; Davis at ¶ 15; Searcy at ¶ 8. Because R.C. 2953.23(A) does not mention post-conviction petitions challenging non-capital sentences, we have interpreted R.C. 2953.23(A) as providing no basis for a trial court to entertain an untimely post-conviction challenge to a sentence brought by a non-capital petitioner, like appellant.Searcy at ¶ 8; Davis at ¶ 15.
 {¶ 16} Accordingly, based on the above, we conclude that appellant's post-conviction relief petition did not meet the pertinent exceptions in R.C. 2953.23(A) that would have allowed the trial court to entertain the untimely petition. Therefore, the trial court had no jurisdiction to entertain the merits of appellant's post-conviction relief petition, and the trial court properly denied the petition. As such, we render moot appellant's arguments on appeal that the trial court lacked authority to impose non-minimum and consecutive sentences on his convictions, and we decline to address the arguments. See Knutty v. Wallace (1995),100 Ohio App.3d 555, 559 (stating that, *Page 8 
"[w]here a decision cannot be made effectual by a judgment, a court should not express an opinion upon that issue and the issue becomes moot. * * * When a court indicates that an issue is moot, it means that a determination of that issue is not necessary"). Accordingly, based on the above, we overrule appellant's single assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1