OPINION
{¶ 1} Defendant-appellant, Christopher M. Lariva, pro se, appeals from a judgment of the Franklin County Court of Common Pleas, which treated his Civ. R. 60(B) motion to set aside or vacate his sentence as a petition for postconviction relief, pursuant to R.C. 2953.21, and dismissed it as untimely and barred by res judicata. For the following reasons, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On November 1, 2004, appellant pleaded guilty to one count of aggravated vehicular homicide, a second-degree felony, in violation of R.C. 2903.06, and two counts of aggravated vehicular assault, third-degree felonies, in violation of R.C. 2903.08. On December 15, 2004, the trial court sentenced appellant to seven years on the aggravated vehicular homicide count, three years on one aggravated vehicular assault count, and four years on the other aggravated vehicular assault count, and ordered the sentences to run consecutively.
 {¶ 3} Appellant appealed his sentence, arguing that the trial court did not meet its statutory obligation to give its reasons for imposing consecutive prison terms. Appellant also argued, citing Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, that the imposition of more than minimum and consecutive sentences based upon facts not found by a jury nor admitted by him violated his right to trial by jury as guaranteed by the Sixth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution.
 {¶ 4} On November 8, 2005, this court reversed the trial court's judgment and remanded for resentencing. In particular, this court found that the trial court failed to make the mandatory statutory sentencing findings to support the consecutive sentences; accordingly, we did not address whether the trial court stated sufficient reasons for imposing consecutive sentences as required by statute. This court also rejected appellant's Apprendi/Blakely claim on authority of State v.Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522, and its progeny.State v. Lariva, Franklin App. No. 05AP-5, 2005-Ohio-5928. Appellant appealed our decision to the Supreme Court of Ohio. *Page 3 
 {¶ 5} On February 27, 2006, the Supreme Court of Ohio decidedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. There, the court applied the United States Supreme Court's decisions in Apprendi andBlakely. In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to jury trial under the Sixth Amendment to the United States Constitution andFourteenth Amendment due process guarantees. Id. at 476-478, 497. InBlakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." (Emphasis sic.) Id. at 303.
 {¶ 6} The Foster court concluded that portions of Ohio's felony sentencing statutes violate the Sixth Amendment to the United States Constitution in the manner set forth in Apprendi and Blakely. Id. at ¶ 50-83, and paragraphs one and three of the syllabus. In particular, the court stated that, under certain circumstances, the felony sentencing statutes unconstitutionally require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." Id. at ¶ 54. The court severed the offending statutes. Id. at ¶ 99, and paragraphs two and four of the syllabus. As a result, pursuant to Foster, trial courts are now afforded full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. Id. at ¶ 100, and paragraph seven of the syllabus. *Page 4 
 {¶ 7} In accordance with Foster, the Supreme Court of Ohio remanded appellant's case to the trial court for resentencing. In re OhioCriminal Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 229. The trial court held a resentencing hearing on June 21, 2006, and imposed the same 14-year sentence. Appellant appealed, arguing that the court resentenced him to consecutive sentences in violation of his constitutional rights to due process and a jury trial and in violation of his constitutional right against ex post facto laws. This court affirmed the sentence. State v. Lariva, Franklin App. No. 06AP-758,2007-Ohio-1012.
 {¶ 8} On February 27, 2008, appellant filed, pro se, a "Motion To Set Aside Or Vacate Sentence In Accordance with Civil Rule 60(B) 4, 5, 6." Appellant argued that his sentence was unconstitutional and, therefore, void because the trial court failed to make the required statutory findings before imposing consecutive prison terms. Appellant also argued that the imposition of consecutive sentences based upon facts not found by a jury nor admitted by him violated his right to trial by jury as guaranteed by the Sixth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution. Appellant requested that the trial court vacate the judgment and sentence imposed and resentence him in accordance with law. By entry filed April 18, 2008, the trial court construed appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.21, and dismissed it as untimely and barred by res judicata.
 {¶ 9} Appellant appeals, advancing a single assignment of error, as follows:
 Reversal is warr[a]nted when the trial court did not meet its obligation to state its reasoning in support of its findings in ruling that the defendants motion under [Civ. R.] 60(B) as if it was a "Petition for Postconviction Relief" and not addressing the Consecutive Sentence under "ALLIED OFFENSES OF SIMILAR IMPORT[."] *Page 5 
 {¶ 10} Appellant contends the trial court erred in recasting his Civ. R. 60(B) motion as a petition for postconviction relief pursuant to R.C. 2953.21. Appellant also contends the trial court erred in denying his petition. Finally, appellant contends the trial court erred in failing to address his consecutive sentences under R.C. 2941.25, the allied offenses statute.
 {¶ 11} In State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, the Supreme Court of Ohio considered the proper application of Civ. R. 60(B) to criminal matters. There, Schlee was convicted of aggravated murder and sentenced accordingly. His conviction and sentence were affirmed on appeal. He then filed two petitions for postconviction relief. Both were denied by the trial court and affirmed on appeal. Thereafter, Schlee filed a motion for new trial, which was granted. He was again convicted of aggravated murder and sentenced accordingly. His conviction and sentence were affirmed on appeal.
 {¶ 12} Schlee then filed a motion for relief from judgment pursuant to Civ. R. 60(B). He alleged prosecutorial misconduct in both of his trials and that he had been unconstitutionally subjected to double jeopardy.
 {¶ 13} The trial court treated Schlee's Civ. R. 60(B) motion as a petition for postconviction relief under R.C. 2953.21 and dismissed the petition as untimely. The court of appeals affirmed the trial court's decision. The case ultimately came before the Supreme Court of Ohio upon the following certified question: "Whether the trial court can recast [a criminal defendant's] Motion For Relief From Judgment as a petition for postconviction relief when it has been unambiguously presented as a Civil Rule 60(B) [motion]." Schlee, at ¶ 6. The court answered the question in the affirmative. *Page 6 
 {¶ 14} In its analysis, the court first noted the language of Crim. R. 57(B), which provides that, "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Schlee, at ¶ 7. The court held that "the plain language of Crim.R 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists." Id. at ¶ 10. The court determined that Crim. R. 35, which sets forth the procedure by which criminal defendants can file petitions for postconviction relief, was available to Schlee and served the same purpose as his Civ. R. 60(B) motion. Id. at ¶ 11.
 {¶ 15} The court stated that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." Id. at ¶ 12, citing State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, citing State v. Reynolds
(1997), 79 Ohio St.3d 158. The court relied upon Reynolds, where it "concluded that a motion styled `Motion to Correct or Vacate Sentence' met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it was `(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.'" Id. The court went on to find that Schlee's Civ. R. 60(B) motion was "filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him." The court concluded that Schlee's motion "could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way *Page 7 
Crim. R. 57(B) intends, because a procedure `specifically prescribed by rule' exists, i.e., Crim. R. 35." Id.
 {¶ 16} The instant case qualifies under the Schlee rubric. Appellant filed his motion subsequent to his direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and requested vacation of the judgment and sentence. We thus conclude that the relief requested and the basis for the relief fit within the statutory definition of a petition for postconviction relief set forth in R.C. 2953.21(A)(1)(a), which provides, as relevant here: "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 17} R.C. 2953.21(A)(2) sets forth time constraints for filing a petition for postconviction relief and provides, in pertinent part, that except as provided in R.C. 2953.23, if an appeal is taken, the petition must be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Appellant filed his petition more than 180 days after the date on which the trial transcript was filed in his direct appeal. However, R.C. 2953.23
provides exceptions to the time limits contained in R.C. 2953.21(A)(2) and states, as relevant here:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after expiration of the period prescribed in division (A) of that section or a second petition *Page 8 
or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 18} A trial court is without jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner demonstrates that one of the exceptions set forth in R.C. 2953.23(A) applies.State v. Williams, Franklin App. No. 06AP-742, 2007-Ohio-1015, ¶ 13. In this case, appellant has failed to argue, let alone establish, that one of the exceptions applies to his case.
 {¶ 19} In particular, appellant did not satisfy R.C. 2953.23(A)(1)(a) because he did not claim that he was unavoidably prevented from discovering the facts to support his petition and did not show that the United States Supreme Court has retroactively recognized a new federal or state right. Nor did he satisfy R.C. 2953.23(A)(1)(b) because he challenged a non-capital sentence. See State v. Backus, Franklin App. No. 06AP-813, 2007-Ohio-1815, ¶ 9 (R.C. 2953.23[A][1][b] "by its express terms, precludes a common *Page 9 
pleas court from entertaining an untimely postconviction challenge to a sentence brought by a non-capital petitioner"). As appellant's petition for postconviction relief did not meet the conditions set forth in R.C. 2953.23(A), the trial court lacked jurisdiction to entertain the merits of the petition. Williams, supra, citing State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, ¶ 7 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely petition for postconviction relief unless the petitioner complies with the exceptions in R.C. 2953.23). Thus, the trial court properly found that it lacked jurisdiction to consider appellant's petition.
 {¶ 20} Further, even if the trial court had jurisdiction to consider appellant's claim, it fails on its merits. Appellant's argument that the court did not comply with mandatory statutory sentencing findings in imposing consecutive sentences is inapposite in light ofFoster. As noted, in Foster, the Supreme Court of Ohio severed the statutes that required mandatory sentencing findings; accordingly, the trial court on remand was not required to make any findings to support consecutive sentences. Further, appellant's argument that his sentence violates the principles set forth in Apprendi and Blakely likewise fall victim to Foster. Because the trial court was not required on remand to make findings supporting the consecutive sentences, theApprendi/Blakely line of cases has no bearing on appellant's sentence. Pursuant to Foster, the trial court had full discretion to impose prison sentences within the statutory range and could order those sentences to be served consecutive to each other. Here, appellant pleaded guilty to one count of aggravated vehicular homicide, a second-degree felony, and two counts of aggravated vehicular assault, third-degree felonies. He was therefore subject to a prison term of two, three, *Page 10 
four, five, six, seven or eight years on the second-degree felony count and a prison term of one, two, three, four or five years on the third-degree felony counts. See R.C. 2929.14(A)(2) and (3), respectively. The trial court's imposition of a seven-year sentence on the first-degree felony and three-and four-year sentences on the third-degree felonies are within the statutory range of penalties for the offenses for which appellant was convicted, and the trial court was well within its discretion in ordering those sentences to be served consecutively.
 {¶ 21} Finally, we briefly address an issue raised in appellant's brief. Appellant appears to assert a claim that his convictions were contrary to R.C. 2941.25(A) and that he had been denied the effective assistance of counsel because his counsel failed to assert this claim. However, appellant failed to raise these claims in his petition for postconviction relief before the trial court and presents the arguments for the first time on appeal. Accordingly, appellant has waived review of these claims. See State v. Awan (1986), 22 Ohio St.3d 120. Further, even if appellant had raised these claims in his petition, they are barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Appellant could have raised these claims at the sentencing hearing or on direct appeal. He is therefore precluded by the doctrine of res judicata from litigating these issues in a petition for postconviction relief. *Page 11 
 {¶ 22} For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and TYACK, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1