OPINION
{¶ 1} Appellant, Laura Ann Kalish, appeals the sentence imposed by the Lake County Court of Common Pleas. At issue is whether appellant's sentence was inconsistent and disproportionate under Ohio's sentencing statutes and whether it violated the ex post facto clause of the United States Constitution. For the reasons that follow, we affirm.
 {¶ 2} On August 5, 2005, at approximately 1:00 a.m., appellant was driving her vehicle in Kirtland Hills when she entered I-90 from the I-90 westbound exit ramp at *Page 2 
Center Street. She was heading eastbound on westbound I-90. As she entered the exit ramp, a van was exiting at that ramp. The driver flashed his headlights to warn appellant she was going the wrong way. Appellant noticed the flashing lights and realized she had entered the freeway going the wrong way. However, she did not stop, but instead continued heading toward oncoming traffic, swerving to avoid vehicles.
 {¶ 3} The decedent Peter Briggs was driving his truck westbound. He swerved to avoid a collision with appellant's vehicle. Her vehicle struck the right side of Briggs' truck, causing it to spin and go into the median where it rolled over, causing his death by asphyxiation.
 {¶ 4} After the collision, the responding police officer smelled a strong odor of alcohol on appellant's breath. Her eyes were bloodshot. When she exited her vehicle, she almost fell and the officer had to catch her to keep her from falling. Appellant refused to take any field sobriety tests.
 {¶ 5} Appellant had been out on a date that evening. She had two glasses of wine and two beers at a restaurant and then at a bar. One hour after the crash, appellant's blood alcohol level was .12.
 {¶ 6} Prior to this incident, on June 28, 2005, appellant had been arrested for driving under the influence ("OVI"), OVI refusal, and failure to control. She had refused to take any field sobriety tests and breath tests in that case. At the time of the instant incident, appellant was out on bond for the previous arrest, and her license had been suspended.
 {¶ 7} Appellant was indicted for aggravated vehicular homicide with specifications for OVI and for driving under suspension ("DUS") in violation of R.C. 2903.06(A)(1)(a), a felony of the first degree (Count 1), aggravated vehicular homicide *Page 3 
with a specification for DUS in violation of R.C. 2903.06(A)(2)(a), a felony of the second degree (Count 2), OVI in violation of R.C.4511.19(A)(1)(a), a misdemeanor of the first degree (Count 3), driving with a prohibited concentration of alcohol in bodily substances ("BAC") in violation of R.C. 4511.19(A)(1)(b), a misdemeanor of the first degree (Count 4), DUS in violation of R.C. 4510.11(A), a misdemeanor of the first degree (Count 5), and driving under OVI suspension in violation of R.C. 4510.14(A), a misdemeanor of the first degree (Count 6).
 {¶ 8} On March 20, 2006, appellant pleaded guilty to aggravated vehicular homicide with a specification for DUS, Count 2, and to BAC, Count 4.
 {¶ 9} The sentencing hearing was held on April 24, 2006. The aggravated vehicular homicide offense to which appellant pleaded guilty carried a sentence of two to eight years, and the BAC offense carried a potential sentence of six months. Appellant acknowledged her driver's license had been suspended. Diane Briggs, the decedent's daughter-in-law, testified he was a devoted husband, father and friend. She explained the devastating effect of his death on their family, and asked the court for justice in sentencing appellant. The State requested the maximum sentence for both offenses. The trial court sentenced appellant to five years in prison on Count 2 and six months in prison on Count 4, to run concurrent to the sentence on Count 2.
 {¶ 10} Appellant now appeals and states her assignments of error, as follows:
 {¶ 11} "[1] The trial court erred when it sentenced appellant in a manner inconsistent and disproportionate with similar Ohio cases.
 {¶ 12} "[2] The trial court erred and violated appellant's rights protected by the ex post facto clause of the United States Constitution and the rule of lenity when it *Page 4 
sentenced her under a new statute and case law that put her at a severe disadvantage when compared to the law that existed at the time of the offense."
 {¶ 13} In her first assignment of error, appellant argues that her sentence was inconsistent with and disproportionate to other sentences imposed for the same offense, in violation of R.C. 2929.11(B).
 {¶ 14} Prior to the Ohio Supreme Court's decision in State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, appellate courts reviewed felony sentences de novo, not disturbing the trial court's determination absent a finding, by clear and convincing evidence, that the record did not support the term at issue. See R.C. 2953.08(G)(2). Pursuant to Foster, a trial court is vested with full discretion to impose a sentence within the statutory range. Id. at paragraph seven of the syllabus. Therefore, post-Foster, we apply an abuse of discretion standard in reviewing a sentence within the statutory range. Id. at ¶ 99; see, State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75,2007-Ohio-130, at ¶ 7; see, also, State v. Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087, at ¶ 19; State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 37-40; State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11-12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Ports v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621, 1993-Ohio-122. To the extent that our holding concerning the standard of review is inconsistent with any previous decision of this court, such decision is modified to be consistent with our holding today. *Page 5 
 {¶ 15} Appellant was sentenced pursuant to Foster, supra. InFoster the Ohio Supreme Court held that two sections of Ohio's sentencing scheme under S.B. 2 must still be followed by trial courts in sentencing. R.C. 2929.11 and R.C. 2929.12 apply as a general guide for every sentencing. The Court held that these two sections do not mandate judicial fact-finding; rather, a court is merely to consider the statutory factors set forth in these two sections prior to sentencing. Id. at ¶ 36-42.
 {¶ 16} R.C. 2929.11(A) provides that a trial court that sentences an offender for a felony conviction must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 17} R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C.2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 18} R.C. 2929.11(B) requires consistency when applying Ohio's sentencing guidelines. However, we have held that sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses. State v.Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12. Rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. State v. Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58. Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory factors and guidelines.
 {¶ 19} Here, appellant's position that consistency in a sentence is determined by a numerical comparison to other sentences for similar crimes lacks merit. Simply *Page 6 
because appellant's sentence was not identical to sentences in other cases does not imply that her sentence was inconsistent with sentences of other similarly situated offenders.
 {¶ 20} Appellant pleaded guilty to aggravated vehicular homicide, a felony of the second degree. She was therefore subject to a mandatory prison term of two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2); R.C. 2903.06(E). She also pleaded guilty to BAC, a misdemeanor of the first degree. The plea to that offense subjected her to a maximum prison term of six months.
 {¶ 21} The court stated on the record that it considered the purposes of felony sentencing under R.C. 2929.11, including the requirement that sentences imposed be consistent. The court also considered the seriousness factors of R.C. 2929.12. The court did not find any present which made the offense more serious than conduct normally constituting the offense. The court also found that no factors were present which made the offense less serious.
 {¶ 22} Under factors indicating a higher likelihood of recidivism, the court noted that appellant was on bail for another OVI offense when she committed the instant offense, and that she committed this offense while she was driving under suspension. Appellant pleaded guilty to the specification to Count 2 that she was driving under suspension. As a result, the court discounted her excuse that she felt her driving privileges authorized her to drive to and from a date during which she consumed alcohol. The court found that the presence of these factors indicated a greater likelihood of recidivism. Under factors indicating less likelihood of recidivism, the court noted appellant had otherwise led a law-abiding life and showed genuine remorse. *Page 7 
 {¶ 23} The court found that Count 2 subjected appellant to a mandatory prison term; that after weighing these factors, a term of imprisonment was consistent with the purposes and principles of sentencing; and that she was not amenable to any available community control sanction.
 {¶ 24} Upon review of the record, we hold that appellant's sentence of five years on Count 2 and six months on Count 4 are within the statutory range of penalties for the offenses to which she pleaded guilty. Moreover, the trial court properly applied and considered the statutory sentencing factors before imposing appellant's sentence. The court's sentencing thus met the consistency requirement of R.C. 2929.11(B).
 {¶ 25} While we do not believe that a numerical comparison to other sentences is dispositive of the issue of consistency, we note that courts have imposed similar sentences for similar offenses. In State v.Tomkalski, 11th Dist. No. 2003-L-097, 2004-Ohio-5624, the trial court imposed a five-year prison term for one court of second-degree aggravated vehicular homicide and a six-month prison term for BAC. InState v. Hough, 11th Dist. No. 2001-T-0009, 2002-Ohio-2942, the trial court imposed a sentence of three years on each of two counts of second-degree aggravated vehicular homicide, to be served consecutively. Finally, in State v. Holmes, 159 Ohio App.3d 501, 2005-Ohio-52, the court imposed a six year prison term for each of two counts of second-degree aggravated vehicular homicide, to be served consecutively. Even a review of the cases appellant cites in support of her inconsistency argument reveals that those defendants were sentenced to terms in the mid-range of sentencing options. These cases therefore support appellant's sentence.
 {¶ 26} Appellant's first assignment of error is without merit. *Page 8 
 {¶ 27} In her second assignment of error, appellant argues that her sentence is unconstitutional and violates the rule of lenity because she committed her crimes prior to the Supreme Court of Ohio's decision inFoster, supra, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed appellant's arguments in the case of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In Elswick, this court held the same arguments raised in this appeal to be without merit. Id.
 {¶ 28} Based on the authority of State v. Elswick, appellant's second assignment of error is without merit.
 {¶ 29} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs in judgment only,
COLLEEN MARY OTOOLE, J., concurs in part, dissents in part with Concurring/Dissenting Opinion.