OPINION
{¶ 1} Defendant-appellant, Martin L. Holloman, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to correct a void sentence. For the following reasons, we affirm that judgment.
 {¶ 2} An indictment filed April 25, 2005 charged appellant with one count of aggravated burglary in violation of R.C. 2911.11. The indictment alleged that appellant illegally entered an apartment and inflicted, attempted or threatened to inflict physical harm to the occupant of the apartment. A jury found appellant guilty as charged in the *Page 2 
indictment. The trial court sentenced appellant to serve six years in prison and ordered him to pay $300 in restitution. Appellant timely appealed his conviction to this court, contending that the trial court improperly admitted hearsay testimony and that his conviction was against the manifest weight of the evidence. This court affirmed the trial court's judgment. State v. Holloman, Franklin App. No. 06AP-01,2007-Ohio-840. The Supreme Court of Ohio denied further review.State v. Holloman, 114 Ohio St.3d 1426, 2007-Ohio-2904.
 {¶ 3} During the pendency of his direct appeal, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21, claiming that his constitutional rights had been violated by the ineffective assistance of his advisory trial counsel and by the prosecution's suppression of favorable evidence and withholding of a potential witness's name. The trial court denied appellant's petition without a hearing, and this court affirmed. State v. Holloman, Franklin App. No. 06AP-608, 2006-Ohio-6789. This court subsequently denied appellant's application for reconsideration. State v. Holloman (Feb. 6, 2007), Franklin App. No. 06AP-608 (Memorandum Decision).
 {¶ 4} In July 2007, appellant filed in this court an application to reopen his appeal pursuant to App. R. 26(B), arguing that his appellate counsel was ineffective in failing to assert that the trial court failed to conduct a consistency analysis pursuant to R.C. 2929.11(B) prior to imposing sentence. This court rejected appellant's argument and denied the motion to reopen. State v. Holloman (Jan. 29, 2008), Franklin App. No. 06AP-1 (Memorandum Decision).
 {¶ 5} In September 2007, appellant filed in the trial court a "Motion to Correct a Void Sentence Based Upon The Trial Court's Disregard of a Statutory Sentencing *Page 3 
Requirements [sic]." The trial court denied appellant's motion, finding that it lacked jurisdiction to correct the valid sentence it had imposed.
 {¶ 6} Appellant appeals to this court and assigns the following two errors:
 [I]. The appellant's sentence is contrary to law, and the trial court committed plain error under Crim. R. 52(B) because the trial court failed to fulfill its statutory sentencing duty of engaging in a consistency analysis before imposing a sentence on appellant, thereby violating appellant's statutory rights under R.C. § 2929.11(B) and his rights under [the] Due Process and Equal [Protection] [C]lauses of the Ohio and United States Constitutions.
 [II]. The trial court erred, and abused it discretion, when the court denied appellant's motion to correct a void sentence based upon the trial court's disregard of the statutory sentencing requirement of R.C. § 2929.11(B).
 {¶ 7} As appellant's assignments are interrelated, we will address them together. Appellant contends that the trial court erred in failing to conduct the consistency analysis required by R.C. 2929.11(B). Appellant maintains that the trial court's failure in this regard rendered his sentence void and thus subject to vacation and remand for a new sentencing hearing; accordingly, the trial court improperly overruled his motion to correct the void sentence. Appellee, State of Ohio, asserts that appellant's position is untenable for three reasons: (1) the trial court lacked jurisdiction to consider appellant's motion, (2) appellant's motion was barred by the doctrine of res judicata, and (3) defendant's motion failed on the merits.
 {¶ 8} We first consider whether the trial court had jurisdiction to entertain appellant's motion. Appellant contends the trial court retained jurisdiction to correct his sentence because it is void; thus, the court had jurisdiction to consider his motion to *Page 4 
vacate that void sentence. Appellee maintains appellant's sentence is, at worst, voidable, and thus could be set aside only on direct appeal.
 {¶ 9} In State v. Hairston, Franklin App. No. 07AP-160,2007-Ohio-5928, ¶ 35-37, this court explained the distinction between the terms "void" and "voidable" in the sentencing context:
 "These distinct terms have distinct consequences." State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 33 (Lanzinger, J., concurring). A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. Id. at ¶ 27. Similarly, a trial court imposes a void sentence when it acts without authority by disregarding statutory sentencing requirements. State v. Beasley (1984), 14 Ohio St.3d 74, 75, quoting Colegrove v. Burns (1964), 175 Ohio St. 437, 438 (stating that "[a] court has no power to substitute a different sentence for that provided for by statute"); see, also Payne at ¶ 29, fn. 3 (noting that "[i]t is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void"); see, also, State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23 (holding that a sentence is void when it does not contain a statutorily mandated term).
 A void judgment has no legal force or effect, and any party whose rights are affected may challenge its invalidity at any time and any place. Payne at ¶ 33 (Lanzinger, J., concurring), quoting Black's Law Dictionary (8th Ed. 2004) 861; see, also, Gahanna v. Jones-Williams (1997), 117 Ohio App.3d 399, 404. In a successful challenge to a void sentence, an appellate court has no authority "to do anything but announce its lack of jurisdiction and dismiss." Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 21, citing Steel Co. v. Citizens for a Better Environment (1998), 523 U.S. 83, 94.
 Conversely, a voidable sentence is one that a court had jurisdiction to impose, but was imposed irregularly or erroneously. Payne at ¶ 27. A party challenges a voidable sentence in accordance with laws and principles of appellate procedure, such as forfeiture of error and the plain error doctrine. See Payne at ¶ 22-30; see, also, State v. Peeks, Franklin App. No. 05AP-1370, 2006-Ohio-6256, at ¶ 9 *Page 5 
(recognizing that voidable error can be forfeited). And it is" `[v]alid until annulled.'" Payne at ¶ 33 (Lanzinger, J., concurring), citing Black's Law Dictionary (8th
Ed. 2004) 1605.
 {¶ 10} The Supreme Court of Ohio very recently confirmed this distinction, stating that, "[i]n general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. Id." State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12.
 {¶ 11} Here, appellant was found guilty of aggravated robbery, a felony of the first degree. He was therefore subject to a prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court's imposition of a six-year sentence, which falls within the statutory range, was not contrary to the statute; accordingly, the sentence is not void. In claiming that the trial court failed to comply with R.C. 2929.11(B), appellant essentially contends that the sentence imposed was invalid, irregular, or erroneous. As noted in Hairston, an erroneous exercise of jurisdiction renders a sentence voidable, not void. Id., citing Payne at ¶ 27. See, also,Simpkins, supra. A voidable sentence "can be set aside only if successfully challenged on direct appeal." Payne, supra, at ¶ 28, quoting State v. Filiaggi (1999), 86 Ohio St.3d 230, 240 (further citations omitted). Here, appellant did not challenge his sentence on direct appeal; accordingly, assuming arguendo that appellant's sentence is voidable, the trial court was without jurisdiction to set it aside on appellant's motion to vacate. *Page 6 
 {¶ 12} Moreover, assuming the trial court construed appellant's motion as a petition for postconviction relief under R.C. 2953.21, the trial court still lacked jurisdiction to consider it. A motion to correct or vacate a sentence filed subsequent to a direct appeal is properly treated as a petition for post-conviction relief under R.C. 2953.21.State v. Williams, Franklin App. No. 06AP-742, 2007-Ohio-1015, at ¶ 11, citing State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Here, appellant brought his motion after he filed a direct appeal of his conviction and sentence; accordingly, the trial court could properly treat the motion as a petition for postconviction relief. Id. However, appellant's petition is untimely, as it was filed well outside the 180-day time limit set forth in R.C. 2953.21(A)(2) ("a petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * *.")
 {¶ 13} A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the petition either (1) relies on facts the petitioner was unavoidably prevented from discovering, or (2) relies on a new retroactive federal or state right recognized by the United States Supreme Court. R.C. 2953.23(A)(1)(a); Williams at ¶ 13. Defendant has failed to argue, let alone establish, that either of these requirements applies to his case.
 {¶ 14} Moreover, a trial court lacks jurisdiction to consider an untimely petition that challenges a sentence other than the death penalty. R.C. 2953.23(A)(1)(b); Williams at ¶ 18; State v. Backus, Franklin App. No 06AP-813, 2007-Ohio-1815, at ¶ 9 (noting that "R.C. 2953.23(A)(1), by its express terms, precludes a common pleas court from entertaining an untimely postconviction challenge to a sentence brought by a non-capital *Page 7 
petitioner."). Appellant is a non-capital petitioner; accordingly, R.C. 2953.23(A)(1)(b) does not provide appellant a vehicle to challenge his sentence when his petition is untimely. Backus. As appellant's petition for postconviction relief did not meet the conditions set forth in R.C. 2953.23(A), the trial court had no jurisdiction to entertain the merits of the petition. Williams, supra, citing State v. Searcy, Franklin App. No. 06AP-572, 2006-Ohio-6993, at ¶ 7 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely petition for postconviction relief unless the petitioner complies with the exceptions in R.C. 2953.23). As such, assuming arguendo, the trial court construed appellant's motion as a petition for postconviction relief under R.C. 2953.21, the trial court properly found that it lacked jurisdiction to consider it.
 {¶ 15} Further, even if the trial court had jurisdiction to consider appellant's claim, it is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Moreover, "res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence."Simpkins, supra, at ¶ 30. Thus, res judicata prohibits appellant from arguing by motion what he could have argued at sentencing or on direct appeal. Here, appellant submitted only the trial court's sentencing entry and the transcript *Page 8 
of the sentencing hearing in support of his claim. Both of these items of "evidence" were in the appellate record. Appellant presented nothing, either factually or legally, that could not have been raised either at sentencing or on direct appeal. Accordingly, the doctrine of res judicata bars appellant's claim. State v. Lawson, Franklin App. No. 02AP-148, 2002-Ohio-3329 (consistency claim under R.C. 2929.11[B] must be raised at sentencing or on direct appeal).
 {¶ 16} Finally, appellant's consistency claim fails on the merits. Appellant contends that the consistency principle is one of the most important policy statements included in Am. Sub. No. 2 ("S.B. 2") and that the sentencing statutes enacted pursuant to that legislation require trial courts to impose sentences that are consistent with sentences for similar offenses by similar offenders. He claims that S.B. 2 and R.C. 2929.11(B) require trial courts to address the issue of consistency as part of the sentencing. Indeed, appellant maintains that trial courts are required to conduct a consistency analysis on the record at the sentencing hearing, explain the consistency analysis in its sentencing entry, or both.
 {¶ 17} R.C. 2929.11 sets forth the principles and purposes of Ohio's felony sentencing laws as follows:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony *Page 9 
sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with the sentences imposed for similar crimes committed by similar offenders.
 {¶ 18} While R.C. 2929.11 states the objectives of felony sentencing, R.C. 2929.12 identifies a nonexhaustive list of factors relating to the seriousness of the offense and recidivism of the offender for the court to consider in imposing a sentence to meet those objectives. It is well-settled that these two sections do not mandate judicial fact-finding. State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904, at ¶ 15; State v. Price, Geauga App. No. 2007-G-2785, 2008-Ohio-1134, ¶ 33. Rather, a court is merely to consider the statutory factors set forth in these two sections prior to sentencing. Price, supra. "A trial court possesses `broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.'" Id. at ¶ 31, quoting State v. Smith (June 11, 1999), Portage App. No. 98-P-0018.
 {¶ 19} Although "R.C. 2929.11(B) requires consistency when applying Ohio's sentencing guidelines, * * * sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses." State v.Kalish, Lake App. No. 2006-L-093, 2007-Ohio-3850, at ¶ 18, citingState v. Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12. Rather, the trial court's proper application of the statutory sentencing guidelines ensures consistency. Id., citing State v. Swiderski, Lake App. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58; State v. Quine, Summit App. No. 20968, 2002-Ohio-6987, at ¶ 12. Accordingly, in order to demonstrate that a sentence is inconsistent, a defendant must show that the trial court *Page 10 
failed to properly consider the statutory factors and guidelines.Price, supra, at ¶ 33; Kalish, supra.
 {¶ 20} Appellant fails to meet this burden. Our review of the record reveals that the trial court carefully considered the statutory guidelines before sentencing appellant.
 {¶ 21} At the sentencing hearing, the court permitted the prosecutor, the victim, defense counsel and appellant to address the court. To that end, the prosecutor noted that appellant had a "fairly extensive record" dating back to 1989, had spent time in prison, and was on parole for robbery involving violence at the time he committed the instant offense. The victim chronicled the physical, mental, and emotional trauma she suffered as a result of appellant's actions; indeed, the victim recounted that appellant kicked in her door to gain access to her apartment and hit her in the face, causing her to injure her hip when she fell into a table. The victim further stated that the violence she endured during her personal relationship with appellant negatively affected her ability to form healthy relationships with other men. Defense counsel asserted that appellant's actions arose out of his despair over his failed relationship with the victim, whom he met at a function for persons recovering from drug and alcohol addiction. Defense counsel further noted that at the time of the incident, appellant was within two weeks of completing a six-month drug and alcohol treatment program at the Bell Center. While appellant apologized for his actions, he blamed them on his failed relationship with the victim and his drug addiction.
 {¶ 22} The trial court, noting its familiarity with the Bell Center's treatment program, stated that "[f]or you to walk away on a whim for a relationship or school troubles me severely." (Dec. 5, 2005 Tr. 16.) The trial court also noted that appellant kicked in the *Page 11 
victim's door, "[n]ot open, but down and on the ground"; the court found this behavior to be indicative of a person "who is extremely angry." Id. The court further stated, "I don't find that the minimum is appropriate here based upon your record. I also, upon the nature, the violent nature of the act of kicking the door in, going through the house that that's just not in my repertoire of telling somebody I love you by kicking in the door. With that in mind, it will be a six year term * * *." Id. at 16-17.
 {¶ 23} In addition to its statements at the sentencing hearing, the trial court considered the seriousness and recidivism factors of R.C. 2929.12 in its felony sentencing worksheet. There, the trial court found, pursuant to R.C. 2929.12(B)(6), that appellant's conduct was more serious than conduct normally constituting the offense because his relationship with the victim facilitated the offense. In addition, the court found, pursuant to R.C. 2929.12(D)(2), (4), and (5), that recidivism was likely because appellant had a prior history of criminal convictions, demonstrated a pattern of drug or alcohol abuse related to the offense, and exhibited no genuine remorse for the offense, respectively.
 {¶ 24} Moreover, in its sentencing entry, the trial court expressly stated that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12" and "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14." This court has found that such a notation in the trial court's sentencing entry is sufficient to satisfy the consistency requirement in R.C. 2929.11(B). State v. Todd, Franklin App. No. 06AP-1208, 2007-Ohio-4307, at ¶ 16, citing State v. Daniel, Franklin App. No. 05AP-564, 2006-Ohio-4627, at ¶ 50. See, also, State vBattle, Franklin App. No. 06AP-863, 2007-Ohio-1845, at ¶ 26. *Page 12 
 {¶ 25} As noted previously, appellant's six-year sentence is within the statutory range of penalties for the offense for which appellant was convicted. Moreover, the record evidence indicates that the trial court properly applied and considered the appropriate statutory sentencing factors prior to imposing appellant's sentence. The court's sentencing thus met the consistency requirement of R.C. 2929.11(B).
 {¶ 26} Appellant cites, for the first time, cases from other districts he claims are similar in facts and offenses to his, but where the trial courts imposed less severe sentences. This court has refused to engage in the sort of comparison urged by appellant. Indeed, inBattle, supra, this court stated that consistency "does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors." Id. at ¶ 24, quoting State v. King, Muskingum App. No. CT06-0020, 2006-Ohio-6566, at ¶ 23, citing State v.Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, at ¶ 10. A reviewing court's charge "is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences." Id.
 {¶ 27} As noted by appellee, comparisons with cases from other districts, or even our own district, do not account for the numerous variables that exist regarding appellant's circumstances and criminal history or the crime he committed, or both, that necessarily factored into the trial court's sentencing decision. Moreover, even if appellant could demonstrate inconsistency under R.C. 2929.11(B) simply by comparing his case to *Page 13 
other cases, appellant neither offered these cases to the trial court at sentencing nor supplemented the record with them and argued the issue in his direct appeal. Lawson, supra, at ¶ 16-20.
 {¶ 28} Finally, we note that a criminal defendant has no substantive right to a particular sentence within the statutorily-authorized range.State v. Tewolde, Franklin App. No. 06AP-764, 2007-Ohio-2218, at ¶ 13, citing State v. Templeton, Richland App. No. 2006-CA-33, 2007-Ohio-1148, at ¶ 98, citing Gardener v. Florida (1977), 430 U.S. 349, 358,97 S.Ct. 1197. "As noted by the court in Templeton, each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes." Id.
 {¶ 29} For all the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1