{¶ 31} While I concur with the court's judgment, I do not concur with the majority's opinion as written. Therefore, I concur in judgment only.
 {¶ 32} First, I take exception to the majority's comment that the romantic relationship between appellant and the victim caused appellant's attack on her. First, there is no evidence in the record to support this holding. The majority simply accepts the comments of appellant's counsel at the sentencing to this effect.
 {¶ 33} Moreover, I cannot agree with the majority's suggestion that appellant's culpability for this attack is somehow diminished by this alleged relationship. It should be noted that six months after appellant was released from prison, after serving 24 years for armed robbery, attempted aggravated murder, and aggravated arson, he befriended the victim, who was 30 years younger than he was. The victim was having financial difficulties and, according to appellant's attorney, appellant helped her financially. On the day of his attack, appellant entered the victim's apartment without permission. He was outraged she had not invited him to dinner. He struck her in the face, causing a large bruise and swelling of her eye. When the victim's female friend tried to assist her, appellant struck the friend causing a laceration over her eye that required multiple stitches. There is no basis in the record for the majority to attribute appellant's attack on the victim to their "romantic relationship." The majority goes to great lengths to explain, if not justify, appellant's crime, and its opinion shows an insensitivity to the rights of victims with which I cannot participate. *Page 11 
 {¶ 34} Next, the majority uses its opinion as a vehicle to comment on the Ohio Supreme Court's recent ruling regarding the appellate standard of review of felony sentences in State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, which was an appeal from this court's decision inState v. Kalish, 11th Dist. No. 2006-L-093, 2007-Ohio-3850. The majority's comments are unnecessary, irrelevant, confusing, and have no place in the opinion of this court.
 {¶ 35} In Kalish, the Ohio Supreme Court adopted a two-step standard of appellate review. Under this standard, the appellate court must first examine the sentencing court's compliance with all applicable rules and statutes in imposing its sentence to determine whether the sentence is clearly and convincingly contrary to law. Under this first prong, the appellate court determines whether the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and complied with any other applicable rules or statutes. If this first prong is satisfied, the appellate court must then review the trial court's sentence under an abuse-of-discretion standard.
 {¶ 36} The standard of review announced by the Supreme Court resolved a conflict among Ohio's appellate districts concerning the applicable standard. Many districts, including this district, in following the holding of the Supreme Court concerning the trial court's discretion in sentencing in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, adopted an abuse-of-discretion standard. Others followed a standard that considered whether the sentence was clearly and convincingly contrary to law under R.C. 2953.08(G)(1). The Supreme Court resolved the issue inKalish. The standard announced by the Supreme Court is a model of clarity and effectively resolves the *Page 12 
conflict among the various appellate districts. Yet, the majority seizes this opportunity to offer its views on the Supreme Court's ruling. First, the majority states the Supreme Court's opinion is merely persuasive and not binding authority. Yet, the majority follows theKalish standard in its review of appellant's sentence. The majority's comments are therefore irrelevant and unnecessary.
 {¶ 37} The writing judge unnecessarily points out her role as dissenting in this court's opinion in Kalish. The Supreme Court thoroughly rejected that dissent's proposal of a de novo standard of review for felony sentences post-Foster. Comments regarding the history of Kalish prior to the decision of the Supreme Court are pointless in this opinion and confusing.
 {¶ 38} In summary, the majority's extraneous comments do nothing to clarify the standard of appellate review announced by the Supreme Court in Kalish. The writing judge's comment concerning the alleged romantic relationship between the victim and appellant has no bearing on this court's decision and has no place in the opinion. I therefore concur in judgment only. *Page 1